{¶ 28} I concur with the disposition of this case by Judge Boggins.
 {¶ 29} I write separately to address an issue not addressed directly by Judge Boggins. The uninsured/underinsured motorists coverage in the commercial umbrella policy in the case sub judice was imposed by operation of law. Judge Boggins finds, and I concur, that the language from the liability portion of the commercial umbrella policy which makes the insurer responsible for "ultimate net loss" in excess of the "underlying insurance" should be applied to the uninsured/underinsured coverage which arises by operation of law. This seems to be contradictory to many opinions from this Court which state that conditions or exclusions from the liability portion of an insurance policy do not apply to uninsured/underinsured automobile insurance which arises by operation of law.
 {¶ 30} The reasons that I conclude that the "ultimate net loss" language in the liability portion of the policy applies to the uninsured/underinsured operation of law coverage is the following: The law requires only that uninsured/underinsured insurance be issued in the same dollar amount as in the liability portion of the policy, unless properly rejected. The dollar amount of insurance coverage provided in the liability portion of the commercial umbrella policy begins when the "ultimate net loss" exceeds "underlying insurance".
 {¶ 31} Therefore, uninsured/underinsured coverage which arises by operation of law should not include any dollar amount of coverage which exceeds the amount of coverage set forth in the liability portion of the policy.